JUDGE SEIBEL

13 CIV 6673

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RONALD TUCHOLSKI and LYNNE TUCHOLSKI,      Docket No.:

                   Plaintiffs,      **COMPLAINT**

       -against-

NEW YORK STATE BRIDGE AUTHORITY,

                  Defendant.
-------------------------------------------------------------------X

     Plaintiffs, RONALD TUCHOLSKI and LYNNE TUCHOLSKI, by their attorneys,

KELNER & KELNER, ESQS., as and for their Complaint in the above-captioned action, hereby

allege as follows upon information and belief:

### Preliminary Statement

    1.     On October 6, 2012, Ronald Tucholski suffered a depressed skull fracture, severe

traumatic brain injury, and debilitating physical injuries when a defective, opened end of a

highway guiderail penetrated the windshield of his truck and struck his head and body.  The

guiderail was located alongside the moving lanes of I-84, as it approached the Newburgh-Beacon

Bridge, in the County of Orange, State of New York, and was under the jurisdiction of the New

York State Bridge Authority.  The guiderail in question was not designed, constructed, placed, or

maintained in accordance with good and accepted standards of roadway design.  Defendant is

liable to Mr. Tucholski and his wife, Lynne Tucholski, for their damages.

### Jurisdiction

    2.     At all times herein mentioned, plaintiffs RONALD TUCHOLSKI and LYNNE

TUCHOLSKI were and remain residents of the State of Connecticut.

3.   At all times herein mentioned, plaintiffs RONALD TUCHOLSKI and LYNNE TUCHOLSKI have resided at 90 Crystal Falls Way, Berlin, Connecticut, and continue to do so.

4.   At all times herein mentioned, defendant NEW YORK STATE BRIDGE AUTHORITY was and remains a public authority, duly organized and existing under and by virtue of the laws of the State of New York.

5.   At all times herein mentioned, defendant NEW YORK STATE BRIDGE AUTHORITY has maintained its principal place of business in the State of New York, and continues to do so.

6.   At all times herein mentioned, defendant NEW YORK STATE BRIDGE AUTHORITY has maintained its principal place of business in Highland, New York, and continues to do so.

7.   Insofar as there is diversity of citizenship among the parties, this Court has jurisdiction over this action, pursuant to 28 U.S.C. §1332.

### Venue

8.   The events and/or omissions that are the subject of this action took place, in whole or in substantial part, within the County of Orange, State of New York, which is located within the jurisdiction of the United States District Court for the Southern District of New York.

### As and For a First Cause of Action

9.   All conditions precedent to the filing of this lawsuit have been satisfied.

10.   On March 13, 2013, plaintiffs brought a special proceeding pursuant to New York State General Municipal Law §50-e(5), in the Supreme Court of the State of New York, County of Orange, for leave to file a late notice of claim against the NEW YORK STATE

BRIDGE AUTHORITY, in relation to the subject occurrence herein.

11.     By Order of the Honorable Catherine Bartlett, dated May 20, 2013, the aforesaid petition was granted, and plaintiffs were given leave to serve a late notice of claim upon the NEW YORK STATE BRIDGE AUTHORITY, pursuant to New York State General Municipal Law §50-e.

12.     With the granting of the petition, the special proceeding fully and finally concluded and terminated, and was marked as "disposed" the Clerk of Court for the Supreme Court of the State of New York, County of Orange.

13.     On June 18, 2013, in accordance with Justice Bartlett's order, a notice of claim was duly and timely served upon the NEW YORK  STATE BRIDGE AUTHORITY.

14.     On September 16, 2013, plaintiff RONALD TUCHOLSKI appeared for a hearing pursuant to New York State General Municipal Law §50-H.

15.     On September 16, 2013, plaintiff LYNNE TUCHOLSKI appeared for a hearing pursuant to New York State General Municipal Law §50-H.

16.     On September 19, 2013, plaintiff RONALD TUCHOLSKI appeared for a physical examination with David Masur, Ph.D, in accordance with General Municipal Law §50-H.

17.     More than thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the NEW YORK STATE BRIDGE AUTHORITY, or to its secretary, or to its chief executive officer, and the authority has neglected and/or refused to make an adjustment or payment thereof for thirty days after such presentment.

18.     This action has been brought within one year and 90 days from when the within claims accrued, and is timely.

19.     At all times herein mentioned, I-84, in the County of Orange, State of New York, was and remains a public thoroughfare.

20.     At all times herein mentioned, the Hamilton Fish Newburgh-Beacon Bridge, in the County of Orange, State and New York, was and remains a public thoroughfare.

21.     At all times herein mentioned, the Hamilton Fish Newburgh-Beacon Bridge was under the jurisdiction and/or control of the NEW YORK STATE BRIDGE AUTHORITY .

22.     At all times herein mentioned, the incidental roads, approaches, structures and facilities of the Hamilton Fish Newburgh-Beacon Bridge were under the jurisdiction and/or control of the NEW YORK STATE BRIDGE AUTHORITY.

23.     At all times herein mentioned, the incidental roads, approaches, structures and facilities of the Hamilton Fish Newburgh-Beacon Bridge were under the jurisdiction and/or control of the NEW YORK STATE BRIDGE AUTHORITY, including, but not limited to, a portion of I-84 in the County of Orange, State of New York.

24.     At all times herein mentioned, I-84, approximately 10 feet east of MPM 39.5, in the Town of Newburgh, County of Orange, State of New York (hereinafter "the accident site") was within the jurisdiction and/or control of the NEW YORK STATE BRIDGE AUTHORITY.

25.     At all times herein mentioned, at and near the accident site, there existed a certain guiderail, located and placed to the left of the leftmost lane of eastbound traffic on I-84 (hereinafter "the subject guiderail").

26.     At all times herein mentioned, the subject guiderail was under the jurisdiction and/or control of the NEW YORK STATE BRIDGE AUTHORITY.

27.     At all times herein mentioned, defendant owned the accident site and/or the

4

subject guiderail.

28.    At all times herein mentioned, defendant operated the accident site and/or the subject guiderail.

29.    At all times herein mentioned, defendant managed the accident site and/or the subject guiderail.

30.    At all times herein mentioned, defendant maintained the accident site and/or the subject guiderail.

31.    At all times herein mentioned, defendant controlled the accident site and/or the subject guiderail.

32.    At all times herein mentioned, defendant was responsible for the construction, design, configuration, and maintenance of the accident site and/or the subject guiderail.

33.    At all times herein mentioned, defendant had the authority and ability to modify, repair, replace, redesign, and/or reconstruct the accident site and/or the subject guiderail.

34.    At all times herein mentioned, defendant had a duty to ensure that the accident site and the subject guiderail were constructed, configured, designed, placed, and maintained in a reasonably safe condition, and were not hazardous to, and/or hazardous for use by, the public.

35.    Prior to October 6, 2012, defendant designed the subject guiderail.

36.    Prior to October 6, 2012, defendant constructed the subject guiderail.

37.    Prior to October 6, 2012, defendant installed the subject guiderail.

38.    Prior to October 6, 2012, defendant placed, and/or determined the placement of, the subject guiderail.

39.    Prior to October 6, 2012, defendant had modified the design or construction of the

5

subject guiderail.

40.     Prior to October 6, 2012, defendant had modified the structure of the subject guiderail by creating an opening in it, at and/or near the accident site.

41.     Prior to October 6, 2012, defendant had modified the structure of the subject guiderail by creating a permanent opening in it, at and/or near the accident site.

42.     At all times herein mentioned, the accident site and the subject guiderail were dangerous, defective, hazardous, and traplike.

43.     At all times herein mentioned, the accident site and the subject guiderail were designed, constructed, installed, placed, and maintained in a manner violative of good and accepted standards of roadway design and/or civil engineering.

44.     Defendant knew, or, in the exercise of reasonable care, should have known of the dangerous, defective, hazardous, and traplike condition of the accident site and subject guiderail, prior the date of the subject occurrence herein, and should have remedied same, in the exercise of due diligence and care.

45.     On October 6, 2012, at approximately 5:30 a.m., plaintiff RONALD TUCHOLSKI was operating a motor vehicle (hereinafter "plaintiff's motor vehicle"), at and/or about the accident site.

46.     At the aforesaid time and place, plaintiff's motor vehicle was in contact with the subject guiderail.

47.     At the aforesaid place, a portion of the subject guiderail penetrated the windshield of plaintiff's motor vehicle.

48.     As a result of the foregoing occurrence, plaintiff was caused to suffer severe,

6

serious, permanent personal injuries.

49.     The aforesaid occurrence was proximately caused by the carelessness, recklessness, and negligence of the NEW YORK STATE BRIDGE AUTHORITY, in the ownership, operation, management, maintenance, control, construction, design, and repair of the accident site and the subject guiderail; in negligently designing the guiderail, or permitting an unsafe design to be implemented and remain in place; in causing and/or creating the unsafe condition; in negligently designing and/or constructing the gap in the guiderail thereat, or allowing such design to be implemented and/or remain in place; in designing and/or implementing a gap in the guiderail thereat, such that the box beam at its end was left open and straight, thereby posing a hazard to oncoming traffic, and/or allowing said design to be implemented and remain in place; in negligently designing and/or constructing the gap in the guiderail thereat in violation of good and accepted principles of roadway design, and/or the State of New York's or the NEW YORK STATE BRIDGE AUTHORITY's own standards for same; in failing to curve the end of the opened box beam inwards, away from the roadway, or failing to cause such design to be implemented; in negligently designing and/or implementing dangerous curvature of the guiderail, including, but not limited to, in adopting curvature directing traffic towards the gap, and/or allowing such design to be implemented and remain in place; in placing, or allowing to be placed, a gap in an improper location in the guiderail; in placing  or allowing to be placed, an unnecessary gap in the guiderail, or failing to close the gap or cause it to be closed; in failing to ensure that the roadway was safe; in failing to affix the railing sufficiently to ground, or failing to ensure that it was so affixed; in failing to position the guiderail safely and/or properly; in failing to erect sufficient warnings; in failing to respond to a history of accidents at

the aforesaid location; in failing to conduct good, sufficient, and necessary repairs at and/or about the accident site; in each and all of the respects set forth above; and in otherwise causing, allowing, and/or permitting the subject occurrence herein.

50.     The injuries suffered by plaintiff RONALD TUCHOLSKI constitute a serious injury, as defined by §5102(d) of the Insurance Law of the State of New York, and/or the economic loss resulting therefrom will exceed basic economic loss, as defined by §5102(a) of the Insurance Law of the State of New York.

51.     The causes of action asserted herein are not subject to the provisions of Article 16 of the CPLR and/or come within one or more of the stated exceptions thereto, as set forth in CPLR §1602.

52.     As a result of the foregoing, plaintiff RONALD TUCHOLSKI been damaged in the sum of FIFTY MILLION DOLLARS ($50,000,000.00).

## As and For a Second Cause of Action

53.     Plaintiffs repeat, reiterate, and reallege the allegations set forth at items 1 through 52, as though set forth more fully herein.

54.     At all times herein mentioned, plaintiff LYNNE TUCHOLSKI was the lawfully wedded wife of plaintiff RONALD TUCHOLSKI.

55.     As a result of the foregoing, plaintiff LYNNE TUCHOLSKI was caused and continues to be deprived of the companionship, services, and consortium of her lawfully wedded husband, and has been damaged thereby.

56.     As a result of the foregoing, plaintiff LYNNE TUCHOLSKI has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## Conclusion

WHEREFORE, plaintiffs demand judgment against the defendant on the first cause of action in the sum of FIFTY MILLION DOLLARS ($50,000,000.00); on the second cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00); together with the costs and disbursements of this action.

Dated: New York, New York
       September 20, 2013

Yours, etc.,

KELNER & KELNER, ESQS.
Attorneys for Plaintiffs

By: _____
       Joshua D. Kelner (JK-3303)
       140 Broadway, 37ᵗʰ Floor
       New York, New York 10005
       (212) 425-0700

9